STATE, Respondent, vs. LOOMIS and others, Appellants.

*October 12—November 6, 1934.*

The cause was submitted for the appellants on the brief of *Earl L. Kennedy* of Rhinelander.

For the respondent there was a brief by *John W. Kelley,* district attorney of Oneida county, the *Attorney General,* and *Joseph G. Hirschberg,* deputy attorney general, and oral argument by *Mr. Kelley* and *Mr. W. H. Resh,* assistant attorney general.

FRITZ, J.    Defendants contend that the evidence, which was largely circumstantial, was insufficient, under the rule as stated in *Scott v. State,* 190 Wis. 238, 208 N. W. 795, to support the verdict of guilty.    Upon a review of the record, with that rule in mind, we are satisfied that the evidence amply supports the verdict.    An extended discussion of the evidence will serve no useful purpose.    It suffices to note that there was evidence to the following effect:

On the afternoon of December 17, 1933, Game Wardens McKeague and Jonas saw blood and deer hair on an automobile parked on a road in territory in which deer were numerous.    Three foot tracks in snow, which was about eight inches deep, led from the automobile along the top and sides of a ridge in the forest.    The wardens followed two of the tracks; McKeague taking the one along a valley to the left, and Jonas taking the one to the right of the crest of the ridge.    Upon walking a short distance, the wardens heard the snorting of a deer ahead of them and somewhat to the right of McKeague.    When the latter had proceeded about one hundred to one hundred and fifty feet further, they heard three or four shots fired in rapid, overriding succession, within six hundred feet of them.    Jonas hurried up to the crest of the ridge toward the place at which the shots appeared to have been fired.    There he first saw Goode and Loomis, and then noticed Landers coming up from the valley to the right.    McKeague hurried up onto the ridge from the left and also saw Landers coming up from the valley.    Each

of the defendants had a rifle and McKeague ordered them to stack their rifles against a tree. He asked what they had been shooting at, and they said, "Oh, just some trees down there." Jonas then walked down the foot track along which Landers had come up from the valley, and subsequently McKeague walked down that track. Each of the wardens found that that track led to a fresh track of a deer, which apparently had come out of the brush at a running gait that changed to a gallop. In the snow on the bank, just beyond where the deer first came out of the brush, they found a bullet hole, and where the deer had apparently taken the longer jumps, they found two or three more bullet holes about twenty-five to forty feet apart. On the ridge they also found three discharged shells of .30-calibre, which was the size used in the defendants' rifles. As the defendants were the only men seen in the vicinity and as they had admitted that they had fired the shots, the wardens arrested them. On surrendering their knives to the wardens, deer hair and tallow were found on Landers' knife.

In contradiction of the evidence which established the foregoing facts, the defendants testified that they did not see, or hear, or shoot at a deer; and that they were merely hunting wolves and looking over timber. To corroborate that they had shot at trees, they introduced in evidence a photograph of a stump with bullets in it. In rebuttal the state introduced proof that the only bullets found in a tree or stump in that vicinity were .32-calibre that could not be fired from the rifles which the defendants had. Further, McKeague testified that he saw no wolf tracks, but would have noticed them if there had been any.

At all events, the evidence, if the jury considered the testimony of McKeague and Jonas credible, established beyond a reasonable doubt that immediately after a deer was

heard to snort, three or four shots were fired in rapid, over-riding succession; that defendants were the only men at about the place where the shots were fired; that they fired three or four shots at that time; that the foot track up which Landers came immediately thereafter led up from fresh deer tracks, on the opposite side of which there were three or four bullet holes in the snow; and that those tracks and holes were so spaced as to indicate the firing of a bullet as the deer ran out of the brush, and two or three subsequent shots as it galloped away. Those significant facts, in connection with other facts and circumstances inferable from the circumstantial evidence, were sufficient to establish, beyond a reasonable doubt, the guilt of the defendants to the exclusion of any other reasonable conclusion. Consequently the evidence sufficiently met the requirements specified in *Scott v. State, supra,* and therefore the conviction should be sustained.

Other errors assigned in respect to certain rulings in admitting evidence, and in instructing the jury, have been duly considered. The record discloses that, in view of facts proven and the resulting issues, the evidence in question was relevant and competent, and the instruction complained of was not erroneous.

*By the Court.*—Judgment affirmed.